**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: VALTRUS INNOVATIONS LTD.
PATENT LITIGATION                                                    MDL No. 3190

**TRANSFER ORDER**

   **Before the Panel:*** Valtrus Innovations Ltd. and Key Patent Innovations Ltd. (collectively Valtrus) move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Texas. This litigation consists of eleven actions pending in four districts, as listed on Schedule A. The parties have informed the Panel of an additional action pending in a fifth district.[1] Vertiv Corporation (Vertiv) opposes centralization, and alternatively asks the Panel not to transfer its two declaratory judgment actions.[2] Ten data center operators, defendants in nine actions on Schedule A and the potential tag-along action, oppose transfer and, alternatively, support transfer of only the actions involving them to the Northern District of Illinois.

   On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Eastern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In nine of the actions on the motion, Valtrus asserts different combinations of three patents (the '287, '682, and '277 patents) against data center operators, alleging that they infringe those patents by using cooling equipment from Vertiv and other cooling equipment manufacturers. Vertiv brings two actions seeking declarations that its products cannot be used to infringe the '287 or '682 patents, and that those patents are invalid. Given the overlap in asserted patents, these actions will share common factual questions on issues such as claim construction and patent validity. The actions are also likely to share factual questions related to whether Vertiv's products can be used to infringe the '287 and '682 patents. Centralization will eliminate duplicative discovery and prevent inconsistent rulings on claim construction, patent validity, and other issues.

   Vertiv and the data center operators argue that the actions will not raise common questions of fact because Valtrus asserts its patents against equipment from multiple manufacturers and each data center operator may configure that equipment in different ways. We are not persuaded by

---

* Judge Karen K. Caldwell took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(i), 7.1, and 7.2.

[2] *Valtrus Innovations Ltd. v. NTT Data Servs., LLC*, No. 2:24–00361 (E.D. Tex.); *Vertiv Corp. v. Valtrus Innovations Ltd.*, No. 2:26–00084 (E.D. Tex.).

these arguments. In the earliest-filed action on Schedule A, Vertiv argued that Valtrus should not get discovery from data center operators because the evidence related to infringement would all come from Vertiv and Vertiv's customers cannot modify the software controlling Vertiv cooling products.[3] The claim charts attached to Valtrus's complaints in the actions against data center operators confirm that Valtrus's infringement theories are focused on the structure and operation of the cooling equipment sold by Vertiv and other manufacturers, not on any data center-specific modification of that equipment. Those common, product-based infringement theories provide sufficient questions of fact for centralization. *See In re Midwest Energy Emissions Corp. Pat. Litig.*, 764 F. Supp. 3d 1380, 1381 (J.P.M.L. 2024) (granting centralization even though "there may be some variation in how each accused power plant allegedly infringed the asserted patents, [because] all defendants operate coal-fired power plants and are alleged to have infringed the same patents in the same manner").

Vertiv and the data center operators argue that even if the actions raise enough common questions of fact to warrant centralization, Section 1407 transfer is inappropriate because there are adequate alternatives for minimizing burdens and eliminating redundancies. We disagree. Section 1404 transfers appear unviable, as several data center operators stated in their briefs that E.D. Texas would not be a proper venue for the actions against them. Additionally, Valtrus had to file the pending potential tag-along action in the Eastern District of California to avoid a venue challenge after originally filing it in the Northern District of Illinois.[4] The data center operators' proposed sever-and-stay motions may reduce some overlap among Vertiv's declaratory judgment actions and Valtrus's infringement actions, but they will not eliminate the possibility of inconsistent decisions or duplicative work because they will leave Valtrus's infringement claims related to non-Vertiv products and the '277 patent active in multiple districts courts.

Vertiv and the data center operators warn that centralization will result in wide-ranging and non-overlapping discovery that will be complicated by confidentiality and trade secret concerns. Given Valtrus advances the same equipment-manufacturer centric infringement theories against each data center operator, the actions will require similar discovery from the equipment manufacturers. Centralizing these actions before a single district court will streamline that discovery. Should the actions require more discovery unique to each data center operator, the transferee judge can address confidentiality and trade secret concerns with protective orders and other case management techniques. The warnings of chaos made by centralization opponents ring hollow based on the history of litigation between Valtrus and Vertiv. Several now-dismissed actions Valtrus brought against different data center operators were consolidated with one of Vertiv's declaratory judgment actions and proceeded efficiently. We see no reason that centralization of the actions here will lead to a different result.

---

[3] *See* Transcript of Hearing on Motion for Protective Order at 11:12–13:12, *Valtrus Innovations, Ltd. v. NTT Data Servs., LLC*, No. 2:24–00361 (E.D. Tex. Sept. 15, 2025), Dkt. No. 144.

[4] Supplemental Information, *In re Valtrus Innovations Ltd. Pat. Litig.*, MDL No. 3190 (J.P.M.L. July 10, 2026), Dkt. No. 55.

-3-

The Eastern District of Texas is an appropriate transferee district for this litigation. The earliest-filed action on Schedule A has been pending in the district for more than two years. Three more actions are also pending in the district. We assign this litigation to Judge James Rodney Gilstrap, an experienced transferee judge who presides over the actions on Schedule A now pending in the Eastern District of Texas. Judge Gilstrap is already familiar with the patents and some of the technology at issue here, making him uniquely suited for presiding over this MDL. We are confident that Judge Gilstrap will steer this matter on an efficient and prudent course.

Because Judge Gilstrap already presides over Vertiv's declaratory judgment actions, including the *Vertiv I* action that is scheduled for trial in September, we need not rule on Vertiv's and the data center operators' requests that we not transfer the declaratory judgment actions. We note, however, that our decision to grant centralization does not displace any case deadlines Judge Gilstrap already has in place, including the trial date set in *Vertiv I*. As the transferee judge, he can decide the appropriate degree of consolidation or coordination of the actions in this litigation.

IT IS THEREFORE ORDERED that actions listed on Schedule A and pending outside the Eastern District of Texas are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable James Rodney Gilstrap for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

David C. Norton          Dale A. Kimball
Madeline Cox Arleo       M. Casey Rodgers
Richard Seeborg

**IN RE: VALTRUS INNOVATIONS LTD.**
**PATENT LITIGATION**                                    MDL No. 3190

### SCHEDULE A

Northern District of Illinois

VALTRUS INNOVATIONS LIMITED, ET AL. v. CORESITE, LLC,
    C.A. No. 1:26−03926
KEY PATENT INNOVATIONS LIMITED, ET AL. v. NETRALITY PROPERTIES, LP,
    C.A. No. 1:26−03929
VALTRUS INNOVATIONS LIMITED, ET AL. v. NTT GLOBAL DATA CENTERS
    AMERICAS, INC., C.A. No. 1:26−03945

Western District of Louisiana

VALTRUS INNOVATIONS LTD., ET AL. v. LUMEN TECHNOLOGIES, INC.,
    C.A. No. 3:26−01346

District of New Jersey

VALTRUS INNOVATIONS LTD., ET AL. v. COLOGIX, INC., C.A. No. 2:26−03884
VALTRUS INNOVATIONS LTD., ET AL. v. H5 DATA CENTERS LLC,
    C.A. No. 2:26−03886
VALTRUS INNOVATIONS LTD., ET AL. v. IRON MOUNTAIN DATA CENTERS
    LLC, C.A. No. 2:26−03890

Eastern District of Texas

VALTRUS INNOVATIONS LTD. v. NTT DATA SERVICES, LLC, ET AL.,
    C.A. No. 2:24−00361
VERTIV CORPORATION v. VALTRUS INNOVATIONS LIMITED, ET AL.,
    C.A. No. 2:26−00084
VALTRUS INNOVATIONS LIMITED, ET AL. v. EVODC, LLC, C.A. No. 2:26−00286
VALTRUS INNOVATIONS LIMITED, ET AL. v. STACK INFRASTRUCTURE, INC.,
    C.A. No. 2:26−00287